## BUZZELL and others v. O'CONNELL.

*(Circuit Court, D. Massachusetts.* October 15, 1880.)

1. PATENT No. 100,229, issued to Herbert L. Willis, for an improved sand-paper holder for finishing or " buffing " the soles of boots and shoes, *sustained.*

In Equity.

*George S. Boutwell* and *Chas. Allen Taber,* for complainants.

*Chauncey Smith* and *Samuel W. Bates,* for defendant.

LOWELL, C. J. Herbert L. Willis obtained patent No. 100,-229, now the property of the complainants, for an improved sand-paper holder for finishing or "buffing" the soles of boots and shoes. He described a cylinder formed of two halves hinged together; round each half the sand-paper was wrapped, and its edges were brought together on the inside of the cylinder and kept tight by pins and dowels; journals were shown to which each end of the cylinder was attached by screws. The old form of holder was described as solid, with the sand-paper

wrapped around it and secured by tacks. "This mode," says Willis, "is very imperfect, there being several objections to it: *First,* the lapping of the edges of the paper makes the surface irregular, causing unequal wear, and not smoothing the soles perfectly, besides rendering the paper liable to be torn off; *second,* the frequent driving of the fastening tacks into the roller soon cuts up and destroys the surface thereof, especially if the wood is soft, or, if the wood is hard, the tacks are often broken and it is difficult to draw them out; *third,* the labor and time required to make the frequent reversals of the paper are considerable; *fourth,* the unevenness of the lapped paper causes jarring and unsteadiness in operation."

The defects are said to be removed by the new mode of construction: "The edges of the sand-paper do not lap on the surface of the cylinder, thus leaving the surface perfectly regular and concentric as the holder revolves. The paper also is held more securely, and wears evenly, doing good work, and the sheets are quickly taken off and replaced." He described another short cylinder, of large diameter, which was to be added to the holder for the purpose of finishing the instep under the heel.

The first claim is: "A sand-paper holder, for finishing the soles of boots and shoes, composed of two parts, A, B, hinged together at one edge, and fastened together by screws, or the equivalent thereof, with or without the enlarged holder, composed of hinged parts, C, D, similarly arranged, substantially as described."

The second claim was for the dowels and pins, and has been disclaimed.

The evidence tends to show that a buffer made according to the patent is useful; and that buffing cylinders are now very extensively used to the advancement of the trade.

The defendant uses a holder or buffer, which, whether an infringement or not, is an undoubted improvement over that described in the patent. It consists of a cylinder cut lengthwise and hinged in the middle, and covered with sand-paper. Instead of being secured to journals by ordinary screws running through the cylinder into the journal, it is fastened by a

movable clamp of ingenious construction, patented by Fay after the date of Willis' invention. Both parties use felt under the sand-paper, which appears to have been introduced by Howe, whose patent is also later than Willis'. The defendant has a right to use these two patents.

The defendant insists that Willis made no invention which will support a patent. Solid cylinders, with sand-paper tacked to them, had been used before; and one Copeland had, as early as 1855, made and patented a hand-tool in which the sand-paper was wrapped round two halves of an ellipse, which were hinged by a piece of cloth glued to each, and was held firmly together by the hand of the operator, who rubbed the soles with this tool, much as he would have done with a large file or rasp having a handle at each end. The defendant contends that the only change which Willis introduced was to cut the old solid cylinder into two parts and hinge those parts together, just as Copeland had hinged his hand-tool; and that this did not require invention. How generally the old solid cylinder was used, and whether it was of much or little value, we are not informed. I infer from the remarks of one witness that the patentee's cylinder, or those like it in principle, first brought buffing by machinery into common use. Supposing the old solid cylinder used in a machine driven by power to have been of some use, and to have been generally known, still, I think, there was a patentable improvement in cutting it in two, bringing the parts together, and fastening them to the shaft, so that they should operate like a solid cylinder, though the hinged tool to be operated by hand had already been introduced by Copeland. The advantages of the knife, and this mode of adjustment and of operation, are so different in the two cases that one could hardly be an anticipation of the other. It seems to me that the defendant infringes the first claim of the patent. He has a better working tool; but it is made on the principle of the plaintiffs' patent. It is a cylinder cut in two, hinged, wrapped with sand-paper, and held together and upon the journals by a shaft. It may be that the particular mode of fastening is new in this tool. There is no evidence upon that point, except

that it is patented; but I do not find the plaintiffs' first claim to be so narrow that a new mode of fastening, operating to do the work of their screws, would escape it.

Decree for the complainants.